## No. 833
### KAUFMAN v. WELSH
Hamilton Common Pleas
No. 18380

**273. NUISANCE.**

Location of semi-major garages adjoining tenements—Cannot be declared a nuisance in advance of use—Sec. 452-2 City (Cincinnati) ordinance considered.

MATTHEWS, J.

By the terms of Section 452-2 of the City Ordinances semi-major garages situated on lots adjoining tenements are excluded from its operation. This lot adjoins a tenement and the representation to the court is that the garage is intended for the exclusive use of the tenements therein. Therefore no finding by the City Planning Commission that the block is a business one is necessary.

The court would hesitate to say that a permission granted by the City Planning Commission to one owner to erect a garage prohibited by the ordinance in residential districts is the equivalent of a general designation of the block as a business one. That is not decided, however.

The court cannot say in anticipation that the use of these stalls will necessarily constitute a nuuisance.

As to the six stalls that are in process of construction, it seems to the court that there has been delay and acquiesence during which the defendant has changed his position and that it would be inequitable to enjoin the completion of them.

The motion for a temporary restraining order is therefore overruled.

Attorneys—Alfred Bettman, for plaintiff; Froome Morris, for defendant.

## No. 834
### AKRON (City) v. STOJANOVIC
Municipal Court of Akron
August 9, 1923

**197A. GAMBLING.**

Slot machine is "gambling device" (129) if element of chance enters play of operatim.

ZESIGER, J.    Epitomized Opinion

Defendant was tried under a city ordinance prohibiting the keeping or exhibiting of a gambling device and was found guilty. He had kept for use a slot machine which was operated by the insertion of nickels by the player who would receive at times a package of confection or mints and a certain number of chips as the dial indicated. Defendant made a motion for a new trial. Held:

The rule is that where one who plays a slot machine stands to win or lose money, trade or checks by chance, the machine is a gambling device. The impression that so long as the player receives something of value in return for the money played the machine is within the law, is erroneous. Whenever the element of chance enters into the play and the player has the opportunity to receive something for nothing, it comes within the provisions of the ordinance. Motion overruled.